UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

CORNWALL MANAGEMENT LTD.,

      Plaintiff,

  -v-                                                       No. 12 Civ. 8237 (LTS)

THOR UNITED CORP.,

      Defendant.

--------------------------------------------------------x

## MEMORANDUM ORDER

On November 13, 2012, Plaintiff commenced this action for enforcement of a foreign judgment by the filing of a summons and a notice of motion for summary judgment in lieu of a complaint. On January 16, 2013, the Court entered an order requiring that Plaintiff file and serve an amended complaint upon Defendant. Plaintiff filed and served the amended complaint, which consisted of one cause of action for the enforcement of a foreign judgment. Defendant did not respond to the amended complaint. On March 14, 2013, Plaintiff moved for entry of a default judgment against Defendant and, on April 24, 2013, this Court granted Plaintiff's motion and judgment was entered in the amount of $2,026,289.21. Plaintiff has now filed a Motion for Discretionary Allowance pursuant to New York Civil Practice Law and Rules ("CPLR") Section 8303(b), Federal Rule of Civil Procedure 54(d), and S.D.N.Y. Local Rule 54.1, requesting a discretionary award of no more than five percent of the April 24, 2013, judgment, or $101,314.45. See N.Y. C.P.L.R. § 8303(b) (providing that, on a motion relating to the enforcement of a judgment, the Court may award to the judgment creditor a sum not exceeding the greater of five per cent of the judgment or fifty dollars).

The Court has broad discretion in determining whether to grant a motion for discretionary allowance. See David L. Ferstendig, 1-8303 New York Civil Practice: CPLR P §§ 8303.02 -8303.03 (Matthew Bender 3d ed. 2013) (in determining whether to award a discretionary additional allowance, "courts have adopted a case-by-case approach, which calls for examination of the facts, the equities, and the efforts and expenses of each party in a particular case"). Here, the Court declines to award the maximum requested amount of $101,314.45 and instead concludes that a more appropriate award is the amount of attorneys' fees incurred by counsel. See Global Technology, Inc. v. Royal Bank of Canada, 943 N.Y.S.2d 791 (Table), at * 16 (N.Y. Sup. Ct. Jan. 11, 2012) ("Conceptually, the allowance authorized by CPLR 8303(b) is intended to be an indemnity for the expense of the enforcement motion, including the attorney's fee.") (internal quotations omitted).

When awarding attorneys' fees, the Court calculates "presumptively reasonable" attorneys' fees by using the lodestar method and determining reasonable hours worked at a reasonable hourly rate for any given circumstance. See ArborHill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 184 (2d Cir. 2008). Plaintiff asserts that it has incurred $11,250.00 in attorneys' fees in connection with this action. Specifically, Plaintiff asserts that attorney Cherish Thompson worked on the matter for 21 hours at an hourly rate of $350, and that attorney Jonathan Woodard worked on the matter for 13 hours, at an hourly rate of $300. The Court finds that the hourly rate requested for Cherish Thompson, a partner with nine years of experience, is reasonable. See Wong v. Hunda Glass Corp., No. 09 Civ. 4402, 2010 WL 3452417, at *3 (S.D.N.Y. Sept. 1, 2010) (hourly rate of $350 reasonable for attorneys with twelve years of legal experience). However, the hourly rate requested for Jonathan Woodard, an associate with fewer than two years of experience, is excessive.

Accordingly, the Court reduces Mr. Woodard's compensable hourly rate to $200 per hour.  See Colburn Family Found v. Chabad's Children of Chernobyl, No. 06 Civ. 2351, 2011 WL 1758639, at *3 (S.D.N.Y. Apr. 12, 2011) (hourly rate of $200 reasonable for associate with three years of experience in default judgment action).  The Court finds reasonable the total number of hours claimed.

For the foregoing reasons, Plaintiff's Motion for Discretionary Allowance is granted, and Plaintiff is granted a discretionary award of $9,950.00.  Plaintiffs are directed to submit a proposed Judgment consistent with this Order to the Orders and Judgments Clerk of this Court by August 5, 2013.  Defendant may submit any objections to the proposed Judgment on or before August 12, 2013.  This Order resolves docket entry no. 38.

SO ORDERED.

Dated: New York, New York
       July 31, 2013

                                            /S
                                    LAURA TAYLOR SWAIN
                                    United States District Judge